UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

SHIRLEY J. JANKOWSKI,
DENIS P. JANKOWSKI,

        Plaintiffs,

        v.                                     Case No. 14-C-0180

TIMOTHY MARK BROVOLD,

        Defendant.

DECISION AND ORDER DENYING PLAINTIFFS' EMERGENCY MOTION TO STRIKE
FINAL JUDGMENT OF FORECLOSURE SALE AND ORDER SETTING
FORECLOSURE SALE FRAUD ON THE COURT (DOC. 15),
DENYING PLAINTIFFS' MOTION TO VOID JUDGMENT FOR FRAUD (DOC. 22),
AND SETTING A HEARING ON DEFENDANT'S MOTION
TO DISMISS FOR LACK OF JURISDICTION ON JUNE 17, 2014 (DOC. 11)

This case arises out of the foreclosure of plaintiffs' home located at W215 N11261-71 Appleton Avenue, Germantown, Wisconsin 53022. On February 13, 2013, Wells Fargo Bank, N.A. filed a complaint in Washington County seeking a foreclosure judgment. *Wells Fargo Bank, NA v. Shirley J. Jankowski and Denis P. Jankowski*, Case No. 13-CV-126. The court entered an order and judgment of foreclosure on November 12, 2013, and the case remains on appeal. Plaintiffs filed the pending pro se complaint in this court on February 19, 2014, against the attorney who signed the summons and complaint in the Washington County Circuit Court action. They allege that defendant, Attorney Timothy Mark Brovold made a demand for payment of the mortgage on or about February 11, 2013, in violation of the Fair Debt Collection Practices Act ("FDCPA"), and assert claims for "overshadowing" and "fraud in factum." The plaintiff's request for relief asks the court to quiet title, and to order disgorgement of all amounts wrongfully acquired. They also seek damages for the alleged violations under the FDCPA, and compensation for pain and suffering.

The defendant has moved to dismiss the action and plaintiffs have responded by filing several motions. The first is entitled OBJECTION TO DEFENDANT'S MOTION TO DISMISS COMPLAINT, EMERGENCY MOTION TO STRIKE FINAL JUDGMENT OF FORECLOSURE SALE AND ORDER SETTING FORECLOSURE SALE FOR FRAUD ON THE COURT and is a response to defendant's motion to dismiss. To the extent that the title of the document suggests that plaintiffs are seeking to strike the state court judgment of foreclosure, the motion will be denied. The *Rooker-Feldman* doctrine "prevents the lower federal courts from exercising jurisdiction over cases brought by 'state-court losers' challenging 'state-court judgments rendered before the district court proceedings commenced.'" *Brown v. Bowman*, 668 F.3d 437, 442 (7th Cir. 2012)(citing *Lance v. Dennis*, 546 U.S. 459, 460, 126 S. Ct. 1198, 163 L. Ed. 2d 1059 (2006). "The reason, quite simply, is that no matter how erroneous or unconstitutional the state court judgment may be, only the Supreme Court of the United States has jurisdiction to review it." *Id.*

In *Taylor v. Fed. Nat'l. Mortg. Ass'n,* 374 F.3d 529, 531-32 (7th Cir. 2004), the Seventh Circuit Court of Appeals affirmed the district court's order dismissing a case for lack of jurisdiction under *Rooker-Feldman* where the plaintiff filed in federal court after the state court entered a judgment of foreclosure. The plaintiff alleged fraud on the court; however, such a claim was tantamount to a request to vacate the state court's judgment of foreclosure. *Id.* at 533. Ultimately, none of the claims in the federal case were "independent and complete" prior to the entry of the challenged state court order. *Id.* at 534 (citing *Long v. Shorebank Dev. Corp.*, 182 F.3d 548, 556 (7th Cir. 1999)).

Additionally, plaintiffs filed an OBJECTION TO DEFENDANT'S MOTION TO DISMISS AND PLAINTIFFS' MOTION TO VOID JUDGMENT FOR FRAUD ON THE

2

COURT UNDER RULE 60(B), AND SET ASIDE FORECLOSURE SALE. This filing is an attempt by the plaintiffs to set aside the foreclosure sale under Rule 60(b) of the Federal Rules of Civil Procedure, as the motion states that plaintiffs have one year from judgment to raise issues such as fraud or newly discovered evidence. However, for the reasons set forth above, plaintiffs cannot use Rule 60(b) of the Federal Rules of Civil Procedure to vacate or set aside a state court judgment of foreclosure.

The only remaining motion before this court is defendant's motion to dismiss. Defendant argues that the complaint must be dismissed for a myriad of reasons: (1) the one-year statute of limitations set forth in 15 U.S.C. § 1692(k)(d); (2) the *Rooker-Feldman* doctrine; (3) failure to satisfy the basic pleading requirements of Rule 8; (4) failure to state a claim; and (5) Wisconsin's compulsory counterclaim rule. Based on the multiple responses filed by plaintiffs and mindful that plaintiffs are proceeding pro se, a hearing on defendant's motion is warranted. Now, therefore,

IT IS ORDERED that plaintiffs' emergency motion to strike final judgment of foreclosure sale and order setting foreclosure sale for fraud on the court is denied. (Doc. 15.)

IT IS FURTHER ORDERED that plaintiffs' motion to void judgment for fraud is denied. (Doc. 22.)

IT IS FURTHER ORDERED that the parties shall appear for a hearing on defendant's motion to dismiss on Tuesday, June 17, 2014, at 2:00 p.m. in Courtroom 222.

Dated at Milwaukee, Wisconsin, this 9th day of May, 2014.

BY THE COURT

/s/ C.N. Clevert, Jr.
C.N. CLEVERT, JR.
U.S. DISTRICT JUDGE